**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TARIAN WALKER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-20-2289 |
| | § | |
| HONEST INDUSTRIES, INC. AND | § | |
| AMAZON.COM, INC., | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Amazon.com, Inc.'s ("Amazon") motion to dismiss (Dkt. 14) plaintiff Tarian Walker's claims against Amazon. Walker has not responded. Under local rule 7.4, his "failure to respond will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. After reviewing the motion and applicable law, the court is of the opinion that Amazon's motion to dismiss should be GRANTED.

## I. BACKGROUND

This is a products liability suit. Walker alleges that he used Amazon.com to purchase a beard balm called "Honest Industries Beard Balm," from Honest Industries, LLC ("Honest Industries").[1] Dkt. 1-1 ¶ 12. Three days after he first used the beard balm, Walker claims, he went outside to play with his children and suffered serious injuries to his face. *Id.* ("[H]is skin immediately started to peel."). He alleges that he was diagnosed with "superficial chemical burns," and, after examinations by a doctor and a plastic surgeon, was "advised that he may have

[1] Despite what the caption shows, this defendant's actual name is "Honest Industries, LLC" not "Honest Industries, Inc." *See* Dkt. 11 (certificate of interested parties submitted by Honest Industries).

permanent disfigurement and may be required to undergo plastic surgery to correct his skin pigment." *Id.* Walker maintains that his injuries were caused by the beard balm.

In his claims against Amazon, Walker contends that Amazon either (1) "altered or modified the product" by removing packaging that contained a list of ingredients, instructions, and warnings; or (2) simply forwarded the product to Walker without adequate labelling. *Id.* ¶ 22–23.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

## III. ANALYSIS

Although Walker does not specify exactly which legal theory he relies on in his suit against Amazon, that omission is not fatal. *See Johnson v. City of Shelby*, 574 U.S. 10, 11, 135 S. Ct. 346

(2014) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' . . . they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1219 (3d ed. 2004) ("The federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief."). While Walker does not specify which claims he is bringing, Amazon suggested several possibilities in its motion to dismiss: (1) strict products liability; (2) negligence; and (3) gross negligence. Dkt. 14. Walker had an opportunity to respond to Amazon's motion to dismiss but for whatever reason he did not. In his response, he could have confirmed that these were the claims he was asserting or, alternatively, clarified his causes of action. Because he chose to do neither, and because it appears that Amazon made good-faith suggestions, the court is comfortable proceeding by analyzing whether Walker has alleged facts adequate to state a claim for relief under the theories proposed by Amazon.

*A. Strict Products Liability—Marketing Defect*

A marketing defect cause of action has five elements: "(1) a risk of harm must exist that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product, (2) the supplier of the product knows or reasonably should foresee the risk of harm at the time the product is marketed, (3) the product has a marketing defect, (4) the lack of instructions or warnings renders the product unreasonably dangerous to the ultimate user or consumer of the product, and (5) the failure to warn or instruct causes the user's injury." *DaimlerChrysler Corp. v. Hillhouse ex rel. Hillhouse*, 161 S.W.3d 541, 546–47 (Tex. App.—San Antonio 2004, pet. granted, judgm't vacated w.r.m.) (citing *Sims v. Washex Mach. Corp.*, 932 S.W.2d 559, 562 (Tex.

App.—Houston [1st Dist.] 1995, no writ); *USX Corp. v. Salinas*, 818 S.W.2d 473, 482 (Tex. App.—San Antonio 1991, writ denied)).

Amazon first argues that Walker's marketing defect claim "fail[s] because a marketing defect does not arise where a defendant fails to warn of an unreasonable danger caused by an alleged design or manufacturing defect, and that is what [Walker] alleges here." Dkt. 14 at 4. This is a correct statement of the law. *See Timoschuk v. Daimler Trucks N. Am., LLC*, No. SA-12-CV-816-XR, 2014 WL 2592254, at *3 (W.D. Tex. June 10, 2014) ("[T]o prevail on a marketing defect claim, the product itself must have been adequately designed but rendered unreasonably dangerous by the lack of warning."); *Barragan v. Gen. Motors LLC*, No. 4:14-CV-93-DAE, 2015 WL 5734842, at *6 (W.D. Tex. Sept. 30, 2015) ("Plaintiffs here have alleged only that GM failed to warn of unreasonable danger created by the vehicle's alleged manufacturing and design defects, and they have therefore failed to state a claim for marketing defect."). But Walker's claim against Amazon does not allege that the product was defectively designed or manufactured. Dkt. 1-1 ¶ 22–23. His claim against Honest Industries, for instance, alleges that "the product had a defect," and that "there was a safer alternative design." *Id.* ¶ 13–14. This language is indicative of a design-defect claim. There is no such language in the claim against Amazon. Instead, Walker alleges that Amazon altered or modified the packaging provided by Honest Industries, leaving inadequate instructions to "protect . . . the general public from unreasonable risks of injury or damage." *Id.* ¶ 23. This is not the type of situation presented in *Timoschuk v. Daimler*, where the plaintiffs' marketing-defect claim was dismissed because, "as part of their marketing defect claim, they assert[ed] that 'Defendant . . . designed the subject . . . truck defectively." *Timoschuk*, 2014 WL 2592254, at *3. Therefore, Amazon's first argument is unsuccessful.

Next, Amazon argues that even if Walker "could state a viable marketing defect claim against Amazon, [he] does not allege the necessary elements . . . ." Dkt. 14 at 5. It first urges that Walker has not alleged facts to demonstrate that Amazon "actually knew or could reasonably foresee the risk of harm at the time the beard balm was marketed." *Id.* The court agrees. Although Walker alleges that Amazon had control over the beard balm and *possibly* "failed to either return the product . . . or include the packaging," he never discusses Amazon's knowledge of the supposed risk of harm. This is fatal to his marketing-defect claim, which must be dismissed. *See Oldham v. Thompson/Center Arms Co.*, No. H-12-2432, 2013 WL 1576340, at *4 (S.D. Tex. Apr. 11, 2013) (Ellison, J.).

*B. Negligence*

Amazon also surmises that Walker might be asserting a claim for negligence. "To recover under a theory of negligence, a plaintiff must show '(1) the existence of a duty on the part of one party to another; (2) the breach of that duty; and (3) the injury to the person to whom the duty is owed as a proximate result of the breach." *Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 807 (S.D. Tex. 2011) (Tagle, J.). Amazon attacks Walker's negligence claim, contending that he fails to allege facts showing that Amazon owed him a duty, breached that duty, or how that breach proximately caused his injuries. Dkt. 14 at 6. The court agrees. Walker makes no allegations that Amazon owed him a duty of care. Thus, Walker's negligence claim against Amazon also fails.

While the "plaintiff must establish both the existence and the violation of a duty owed to the plaintiff by the defendant to establish liability," it is also true that "the existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence in question." *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990) (citations omitted). And although the court holds that Walker failed to plead facts showing a duty, he does claim that

Amazon is a "third-party seller." Amazon disputes this label, and the Fifth Circuit has recently certified a question to the Texas Supreme Court to determine its accuracy. Dkt. 14 at 2 (Amazon disputing it is "seller"); *McMillan v. Amazon.com, Inc.*, 983 F.3d 194, 203 (5th Cir. 2020) (certifying question to Supreme Court of Texas). Even if Walker's bare allegation that Amazon is a seller is enough to satisfy the court that a duty exists, the court finds that there are insufficient factual allegations amounting to a breach.

In products liability actions premised on negligence, a seller has the "duty to exercise reasonable care to prevent injury due to a known danger." 59 Tex. Jur. 3d *Products Liability* § 32, Westlaw (database updated January 2021). But a seller is only "subject to liability for physical harm caused by the use of the product in the manner for which and by a person for whose use it is supplied, if the retailer:" (1) knows or should know that the product is dangerous for the use it is supplied; (2) has no reason to believe that the intended user will realize its dangerous condition; and (3) fails to exercise reasonable care to inform them of the danger. *Id* (citing *Rodriguez v. Ed Hicks Imports*, 767 S.W.2d 187 (Tex. App.—Corpus Christi 1989)). The same reason that Walker's marketing-defect claim fails forecloses the possibility that his negligence claim is properly pled. That is, Walker has not pled facts sufficient to allege that Amazon knew or should have known that the beard balm was dangerous. So assuming, without deciding, that Amazon is a seller, and imputing the attendant duty, Walker has not pled enough facts to demonstrate a breach of that duty.

*C. Gross Negligence*

Finally, because Walker's complaint briefly avers that Amazon's conduct "constituted gross negligence," Amazon assumes that he is asserting a gross negligence claim and seeks to refute that one is properly stated. *Id.* at 6 (quoting Dkt. 1-1 ¶ 26). Amazon's primary contention

is that because Walker "fails to plead negligence, . . . he cannot assert a gross negligence claim . . . ." Dkt. 14 at 6. This contention is well-founded in the law. *See Gonzalez v. Bayer Healthcare Pharms., Inc.*, 930 F. Supp. 2d 808, 818 (S.D. Tex. 2013) (Harmon, J.) ("[B]ecause Plaintiff failed to plead negligence, as a matter of law she cannot bring a claim for gross negligence . . . ." (citing *Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 949 (Tex. App.—Austin 1990, writ denied))). It also makes perfect sense. Walker's ordinary negligence claim fails because he did not adequately allege that Amazon owed him a duty or breached any duty owed to him. With no duty or breach sufficiently alleged, it is impossible to plead that a duty was breached in a more extreme or reckless way, constituting gross negligence. Therefore, Walker's gross negligence claim also fails.

Regardless of whether Walker had adequately stated a claim for ordinary negligence, though, he still has not stated a claim for gross negligence against Amazon. "To state a claim for gross negligence, a plaintiff must allege facts indicating that 'the defendant knew about the peril, but his acts or omissions demonstrate that he did not care.'" *See Cofresi v. Medtronic, Inc.*, 450 F. Supp. 3d 759, 768 (W.D. Tex. 2020) (citing *La.–Pac. Corp. v. Andrade*, 19 S.W.3d 245, 247 (Tex. 1999); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 314 (5th Cir. 2002)). Here, Walker has not alleged facts that show either, and consequently he has not stated a claim upon which relief can be granted.

**IV. CONCLUSION**

Amazon's motion to dismiss is GRANTED. Accordingly, Walker's claims against Amazon are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on February 3, 2021.

Gray H. Miller
Senior United States District Judge